**FILED**
**Jan 12, 2026**
**01:21 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT GRAY

| | | |
|---|---|---|
| **BILLY BROWN,** | ) | **Docket No: 2023-02-8932** |
| **Employee,** | ) | |
| **v.** | ) | |
| **THE LILLY CO. d/b/a LILLY** | ) | |
| **ENVIRONMENTAL,** | ) | **State File No. 860540-2023** |
| **Employer,** | ) | |
| **And** | ) | |
| **AMERISURE MUTUAL** | ) | |
| **INSURANCE COMPANY,** | ) | **Judge Brian K. Addington** |
| **Carrier.** | ) | |

---

## EXPEDITED ORDER

---

The Court held an expedited hearing on January 8, 2026, on Mr. Brown's request for medical benefits. For the reasons below, the Court finds he is entitled to some of the requested benefits.

### History

Mr. Brown was injured in a forklift accident at work on November 17, 2023. Lilly accepted the claim, and ultimately Dr. Richard Duncan, orthopedic surgeon, treated him. Based on Mr. Brown's history, Dr. Duncan noted that he experienced nerve compression from the work injury and suffered an impairment.

Mr. Brown's claim progressed normally until the April 16, 2025 appointment. Dr. Duncan wrote that the insurance carrier did not want to have a repeat MRI. He also thought that Mr. Brown was unhappy with his opinions and impairment rating. Dr. Duncan offered that he see another doctor in his practice or Mr. Brown could speak to a neurosurgeon. He concluded he did not have anything else to offer Mr. Brown from a medication or injection standpoint.

Dr. Duncan ordered a repeat lumbar MRI, and Mr. Brown requested another

1

injection in six weeks. Lilly approved the MRI, which was completed. However, Mr. Brown canceled one appointment for personal reasons, missed another, and never saw Dr. Duncan again. Although he later requested an additional appointment with Dr. Duncan through the nurse case manager, he never received it. He believes that Dr. Duncan will no longer see him.

Before the hearing, Lilly sent Dr. Duncan questions regarding Mr. Brown. In response, Dr. Duncan said a second opinion is reasonable but also checked that no further medical treatment for Mr. Brown's lumbar spine primarily arose from his work injury.

Mr. Brown argued entitlement to a new panel of physicians and a panel of neurosurgeons. Lilly disagreed based on Dr. Duncan's questionnaire responses but admitted in its brief that Dr. Duncan declined to continue treating Mr. Brown.[1]

**Findings of Fact and Conclusions of Law**

Mr. Brown must show a likelihood of prevailing at a hearing on the merits that he is entitled to medical benefits. Tenn. Code Ann. § 50-6-239(d)(1) (2025); *McCord v Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). An employer is obligated to provide a panel physician if an employee has suffered an injury and expressed a need for medical care. *Id.* § 50-6-204(a)(3)(A)(i).

Lilly did not dispute that Mr. Brown's injury arose primarily out of and in the course and scope of his employment. Instead, it contested whether he needs more treatment based on Dr. Duncan's questionnaire responses. However, Dr. Duncan originally concluded that Mr. Brown experienced nerve compression and has an impairment. Something apparently went wrong during the April 16 appointment, and now Dr. Duncan declines to treat him.

The Appeals Board has held that, in a compensable claim, an employee is entitled to any reasonable and necessary medical treatment causally-related to the work accident; but when an authorized treating physician refuses to allow a return visit, a trial court properly ordered the employer to replace that doctor on its panel to allow the employee to select another physician. *Limberakis v. Pro-Tech Sec.,* 2017 TN Wrk Comp App Bd LEXIS 53, at *9-10, (Sept. 12, 2017).

Under these similar circumstances, Mr. Brown is entitled to a new panel of orthopedic physicians. He would likely succeed at a hearing on the merits on this issue.

However, Mr. Brown is not likely to succeed at a hearing on the merits for a neurosurgeon panel because Dr. Duncan did not make a referral. Rather, he said Mr. Brown might want to speak to a neurosurgeon. The Court cannot order a neurosurgeon panel on

---

[1] The parties did not depose Dr. Duncan, so the Court could only consider Mr. Brown's medical records.

this speculative assertion.

**It is ORDERED as follows:**

1.  Lilly shall provide Mr. Brown with a panel of orthopedists and approve an appointment with the selected physician.

2. The Court denies Mr. Brown's request for a neurosurgeon panel.

3. The parties shall attend a status hearing by phone on **May 4, 2026**, at **10:00 a.m. Eastern**. The parties must call **855-543-5044**.

4. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3).

**ENTERED January 12, 2026.**

**Brian K. Addington**

_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**Appendix**

**Exhibits:**

1. Rule 72 Declaration of Mr. Brown
2. Medical records (Collective)
    Summit Medical
    Fast Pace Health Clinic
    Watauga Orthopedics, PLC
3. Medical records Watauga Orthopedics, PLC
4. Dr. Duncan's Medical Questionnaire (Collective).[2]

---

[2] Mr. Brown objected to the questionnaire answers because not all of the records were submitted. Tennessee Compilation Rules and Regulations 0800-02-21-.15(2) (2023) states that letters addressing medical causation and/or the reasonableness and necessity of treatment signed by a physician are admissible at an expedited hearing. The rule does not condition admissibility on whether medical records support the doctor's responses. The Court overrules the objection because responses to the questions are signed.

**CERTIFICATE OF SERVICE**

I certify that a copy of the Order was sent on January 12, 2026.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Tim Roberto, Employee's Attorney | | | X | troberto@brownandroberto.com taholt@brownandroberto.com |
| Allen Grant, Ryann Freemon, Scott Morrell, Employer's Attorneys | | | X | agrant@hrslawga.com smorell@hrslawga.com rfreemon@hrslawga.com |

_____

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.

   ➤ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.

   ➤ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____ ☐ Motion Order filed on _____

☐ Compensation Order filed on_____ ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*